[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR ALIMONY AND VISITATION, PENDENTE LITE (#s 106 107)
TEMPORARY ALIMONY:
The Plaintiff owns an executive search firm in New York City. Though she earned substantially more in prior years, because of the addition of personnel in the past year, her earnings dropped to approximately $380,000. Her expenses exceed her earnings as she is paying for all household expenses for the Greenwich residence, including those associated with the Defendant's use of the cottage on the premises, payment of all utilities and costs of child care.
The Defendant received a medical degree from Chicago Medical School in 1993. Thereafter he started a general surgical residency at Cabrini Medical Center, which he left after one year. Subsequently, he worked at Beth Israel Hospital in the pathology department for one year while applying for a residency in internal medicine. He entered a residency at Greenwich Hospital in 1996 but did not finish it because of marital stress and tension. If he were to re-enter the residency program, he would be able to complete it within 3 years.
The Defendant has earned $32,000 per year in the 1980's as a laboratory assistant, and residents are paid during their training.
At some point after leaving the Greenwich Hospital position, the Defendant decided to abandon his medical career, and switch to a career of sculpting. The Plaintiff had contributed a large part of the finds for the Defendant's education. She had supported him in college, paid most of their rent, expenses and tuition during medical school, and paid for almost all food, living and medical expenses thereafter. CT Page 3087
In making awards for alimony pendente lite, among the factors to be considered are the "occupation, amount and sources of income, vocational skills, employability, estate and needs of the parties . . ." General Statutes §§ 46b-82 and 46b-83. The court has considered these and all other factors required. The court orders that the Plaintiff pay alimony to the Defendant in the amount of $400 per week. This amount is based on the fact that the Plaintiff is providing the Defendant, expense free, a suitable place to live and adequate space for his sculpting. The Defendant should be aware that he has an obligation to assist in the support of his children which at present he is not fulfilling. The Court also orders the Defendant's sculpting is to be done in the cottage, not in the principal residence.
VISITATION:
The Defendant has requested permission to take the parties' two minor children, 6 year old twin boys, to California to visit his parents, his brother and his brother's children. The medical history of the boys, their need for constant attention and supervision, and some questionable behavior of the Defendant indicate that some assistance in caring for the children will be required if the trip is to be made. The children's regular Nanny is available for the trip and the Plaintiff has offered to pay for the Nanny's fare. The court orders that the Defendant may take the children, but only on the following conditions:
1. The children will leave on April 21, 2000 and be returned on April 24, 2000; and
2. The children's Nanny will accompany them on the trip and be together with them at all times, including but not limited to staying with them, in the same location, on the overnights. Failure to comply with these conditions shall violate the
HILLER, J.